## Tom Milam v. The State.

### No. 7554.  Decided October 3; 1923.

**1.—Manufacturing Intoxicating Liquor—Principals—Charge of Court.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the issue of principals arose from the evidence, there was no error in charging thereon, and there was no error in refusing the requested charge.

**2.—Same—Requested Charge—Reasonable Doubt.**

Where the law of reasonable doubt was given to the jury in the main charge, there was no error in the court's refusal of the requested charge confining the jury to the term "then" engaged in the unlawful manufacture of liquor.

Appeal from the District Court of Bowie.  Tried below before the Honorable P. A. Turner.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*George W. Johnson* and *Sid Crumpton* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for the unlawful manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The evidence is circumstantial.  A still and other equipment suitable for the manufacture of intoxicating liquors were found near a creek in some woods in Bowie County.  When discovered, the fire was still burning under some of the mash.  There was evidence connecting a man named Smith with the manufacture of the liquor at the still in question; also evidence that appellant knew of Smith's connection with the still and also knew of its locality; that he had gotten whisky from Smith.  Officers made an effort to bring about the arrest of the parties and did arrest one Kennington and the appellant.  Smith was not arrested but fled the country.  Kennington, at the time of his arrest, was fleeing from the still.  Appellant was lying asleep a short distance from the still.  He testified, admitting that he went to the still and found Smith operating it, and that on Smith's invitation he drank some of the whisky, which made him drunk and that in consequence of his condition he fell asleep.  He disclaimed any interest in or criminal connection with the transaction.  At the time the officers came to the still, there was found a hat upon the ground, and there was testimony identifying the hat as one that had previously

been worn by the appellant and as belonging to him. Appellant denied the ownership of the hat and introduced testimony touching his reputation as a peaceable, law-abiding man. This was a controverted question, and some of the witnesses, in the course of their examination, testified without objection, that they had heard it asserted that appellant was engaged in the unlawful manufacture of whisky.

The court instructed the jury upon the law of principals in terms deviating in no essential particular from the language in many approved charges. It also charged on the law of circumstantial evidence, using language in approved form.

In his first bill of exceptions appellant challenges the propriety of charging on principals and insists that if the issue was raised, the charge was not complete without the special charge requested by appellant which was refused. The special charge differs in no material matter from the main charge submitting the law of principals except that in the special charge, the court was requested to limit the matter to appellant's connection with Kennington. The issue of principals, we think, arose from the evidence and was not improperly submitted. The evidence was sufficient to include Smith. There was no impropriety in refusing to eliminate him from the consideration of the jury in determining whether appellant was an actor within the law of principals in making the liquor.

In another bill appellant complains of the refusal of a special charge requested in which the jury were instructed to acquit unless they believed beyond a reasonable doubt that appellant was "then" engaged in the unlawful manufacture of intoxicating liquor. The law of reasonable doubt was given to the jury in the main charge. The use of the word "then" in the special charge would have impressed the jury and was doubtless intended to impress them with the idea that unless appellant was engaged in the unlawful manufacture of intoxicating liquor at the very time of his arrest, there could be no conviction. We do not coincide with this view as the correct application of the law to the facts. There were six gallons of whisky found at the still, and it had apparently been in operation for some time. There is much evidence pointing to this fact. It was not incumbent upon the State to prove the exact date upon which the appellant committed the offense. It was enough that it came within the period of limitations.

We think the facts warrant the conviction and that there is no error revealed by either of the bills.

The judgment is affirmed.

*Affirmed.*